UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VALENCIA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA INC, et al.,<br><br>        Defendants. | Case No. 15-cv-00887-HSG<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 22 |

This is a putative class action in which Plaintiffs Ernesto Valencia, Adelina Duncan, Lorenzo Sava, Michelle Savage, Margarito De La Rosa, and Lenelyn De La Rosa allege that their 2009 to 2012 model year Volkswagen Routan minivans were manufactured with defective brake pads. Plaintiffs assert claims against Volkswagen Group of America, Inc. ("Volkswagen") under California's Unfair Competition Law ("UCL") and California's Legal Remedies Act ("CLRA"), Breach of Implied Warranty pursuant to the Song-Beverly Consumer Warranty and the Magnuson-Moss Warranty Acts, as well as Unjust Enrichment. Volkswagen moved to strike the nationwide class action allegations on April 27, 2015. Dkt. No. 22 ("Mot."). Plaintiffs opposed that motion on May 27, 2015, Dkt. No. 37 ("Opp."), and Volkswagen filed a reply on June 15, 2015, Dkt. No. 38 ("Reply").

The Court has carefully considered the arguments offered by the parties and, for the reasons set forth below, **DENIES** Volkswagen's motion to strike.[1]

I. **LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike "from

---

[1] The Court does not reach the merits of Volkswagen's motion to strike Plaintiffs' claim under the Moss-Magnuson Warranty Act as that cause of action was dismissed pursuant to Volkswagen's motion to dismiss. *See* Dkt. No. 42.

any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *See Colaprico v. Sun Microsystems, Inc.,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

## II.   DISCUSSION

Plaintiffs are California residents seeking to recover under California's consumer protection laws while simultaneously representing a class of citizens that reside in other states. Volkswagen asks the Court to strike Plaintiffs' nationwide class allegations, citing *Mazza v. American Honda Motor Co., Inc.,* 666 F.3d 581 (9th Cir. 2012). In essence, Volkswagen argues that *Mazza* stands for the proposition that California's consumer protection laws materially differ from the laws of all other states *in all cases*. Mot. at 1 (characterizing *Mazza* as holding that "where a trial court will have to apply different laws of the fifty states, class certification is not appropriate").

The Court agrees with Plaintiffs that Volkswagen significantly overreads *Mazza*. *Mazza* did not establish "such a bright-line rule," but rather performed a detailed choice-of-law analysis and determined that "in *that case* California law should not be applied to non-California residents." *Won Kyung Hwang v. Ohso Clean, Inc.,* 12-cv-06355-JCS, 2013 WL 1632697, at *21 (N.D. Cal. Apr. 16, 2013) (emphasis in original). "*Mazza* did not purport to hold that nationwide classes are, as a matter of law, uncertifiable under California's consumer protection laws." *Forcellati v. Hyland's Inc.,* 876 F. Supp. 2d 1155, 1159 (C.D. Cal. 2012). Whether California law differs from the laws of other states in a way that is material *to this litigation* is not a proper inquiry at the pleading stage. Such a deeply factual inquiry is more appropriately addressed at the class certification stage, which was, incidentally, the posture of the *Mazza* action when it was appealed to the Ninth Circuit. *See Clancy v. The Bromley Tea Co.*, No. 12-cv-03003-JST, 2013 WL 4081632, at *7 (N.D. Cal. Aug. 9, 2013) ("Rather, such a fact-heavy inquiry should occur

during the class certification stage, after discovery"); *Donahue v. Apple, Inc.,* 871 F. Supp. 2d 913, 922 (N.D. Cal. 2012); *In re Clorox Consumer Litigation,* 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) ("Since the parties have yet to develop a factual record, it is unclear whether applying different state consumer protection statutes could have a material impact on the viability of Plaintiffs claims"); *Forcellati,* 876 F. Supp. 2d at 1159 ("[I]t would be premature to speculate about whether the difference in various states' consumer protection laws are material in this case.").[2]

### III. CONCLUSION

For the foregoing reasons, Volkswagen's motion to strike the nationwide class allegations contained in the FAC is **DENIED**.

**IT IS SO ORDERED.**

Dated: 8/11/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court also agrees that Rule 23(d)(4) is an inappropriate mechanism to test whether the class may be certified at this early stage of the litigation. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-cv-0715-SC, 2006 WL 3422198, at *3 (N.D. Cal. Nov. 28, 2006) ("It would be improper to allow Defendants to slip through the backdoor what is essentially an opposition to a motion for class certification before Plaintiffs have made such a motion and when discovery on the issue is still on-going.").