Jordan L. Lurie (SBN 130013)
Jordan.Lurie@capstonelawyers.com
Robert K. Friedl (SBN 134947)
Robert.Friedl@capstonelawyers.com
Tarek H. Zohdy (SBN 247775)
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett (SBN 275553)
Cody.Padgett@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:     (310) 556-4811
Facsimile:     (310) 943-0396

Attorneys for Plaintiffs Ernesto Valencia, Adelina Duncan,
Lorenzo Savage, Michele Savage, Margarito de la Rosa, Lenelyn de la Rosa

R. Scott Brink (SBN 138644)
SBrink@jmbm.com
Jeffer Mangels Butler & Mitchell LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendant Volkswagen Group of America, Inc.

*[Additional Counsel on Following Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| ERNESTO VALENCIA, ADELINA DUNCAN, LORENZO SAVAGE, MICHELE SAVAGE, MARGARITO DE LA ROSA, AND LENELYN DE LA ROSA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation and VOLKSWAGEN AG,<br><br>Defendant. | Case No.:  3:15-cv-00887-HSG<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  March 8, 2016<br>Time:  2:00 pm<br>Place:  Courtroom 15<br>Judge: Hon. Haywood S. Gilliam Jr.<br><br>Complaint Filed:     January 23, 2015<br>Trial Date:          None set |

JEFFER MANGELS BUTLER & MITCHELL LLP
Christopher H. Doyle (SBN 190016)
chd@jmbm.com
Jeffer Mangels Butler & Mitchell LLP
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3813
Telephone: (415) 398-8080
Facsimile: (415) 398-5584

Fred K. Herrmann
fherrmann@kerr-russell.com
Daniel J. Ferris
fherrmann@kerr-russell.com
Kerr, Russell and Weber, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
Telephone: (313) 961-0200
Facsimile: (313) 961-0388
Appearance *pro hac vice*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1       The Parties to the above-entitled action, Plaintiffs Ernesto Valencia, Adelina Duncan,

2 Lorenzo Savage, Michele Savage, Margarito De La Rosa, and Lenelyn De La Rosa,

3 ("Plaintiffs") and Defendant Volkswagen Group of America, Inc., ("Defendant" or

4 "VWGoA") (Collectively, the "Parties") jointly submit this JOINT CASE MANAGEMENT

5 STATEMENT pursuant to the Standing Order for All Judges of the Northern District of

6 California dated November 1, 2014, Civil Local Rule 16-9, and Federal Rule of Civil

7 Procedure 26(f).  Pursuant to Federal Rule of Civil Procedure 26(f), the Parties met and

8 conferred via telephone on December 17, 2015.

9 **Parties' Joint Statement re Mediation and Stay**

10       After meeting and conferring, the Parties have agreed to engage in private mediation.

11 The Parties are diligently working towards confirming a mediation date for May 2016, and are

12 conducting informal discovery in order to facilitate a meaningful mediation.  Therefore, in the

13 interests of judicial economy and efficient resolution, the Parties request that the Court

14 continue the Case Management Conference until June 7, 2016 and stay the proceedings until

15 that time.  Alternatively, should the Court prefer not to continue the Case Management

16 Conference and stay the matter, the Parties submit this Joint Case Management Conference

17 statement.

18 **1.      JURISDICTION AND SERVICE**

19       Plaintiffs allege that this Court has subject matter over this nationwide class action

20 pursuant to 28 U.S.C. § 1332(d) because this is a purported class action where at least one

21 member of the putative class is alleged to be a citizen of a state different from that of

22 Defendant, and because Plaintiffs allege that the amount in controversy exceeds $5,000,000,

23 exclusive of interest and costs.

24       Plaintiffs further allege that this Court has jurisdiction over VWGoA because it has

25 sufficient minimum contacts in California, or otherwise intentionally avails itself of the

26 markets within California, through promotion, sales, marketing and distribution of its vehicles

27 in California, to render the exercise of jurisdiction by this Court proper and necessary.

28       Plaintiffs served VWGoA on January 29, 2015.

VWGoA denies that this action is sustainable as a class action, including but not limited to a nationwide class action. Volkswagen AG has not been served with process.

## 2. FACTS

Pursuant to the Standing Order, and in the interests of brevity, the Parties provide a brief chronology and statement of the principal factual issues in dispute.

### a. Plaintiffs' Statement

Plaintiffs bring this action for themselves and on behalf of a class of all persons in the United States, as well as a subclass of all California residents, who purchased or leased any 2009-2012 Volkswagen Routan vehicles ("Subject Vehicles"). This case concerns a defective braking system equipped within the Subject Vehicles that causes the Subject Vehicles' brake pads and/or rotors to wear out prematurely and require repair or replacement far more frequently than in a properly functioning braking system ("Braking System Defect"). On information and belief, the Subject Vehicles' braking system is defective because it fails to adequately handle the braking duties required by vehicles the size of the Subject Vehicles, thereby leading to abnormal, premature wear. The defect is widespread, unreasonable and unsafe to purchasers of the Subject Vehicles. It potentially endangers not only the driver and passengers of the vehicle, but also other drivers on the road and pedestrians on the street.

The Braking System Defect poses a safety hazard and is costly to repair for owners. The Braking System Defect causes unsafe conditions, including, but not limited to the vehicle shuddering and jerking when the brakes are engaged. These conditions make it difficult for the driver to control the vehicle's speed, maintain stability, and decelerate. Beginning in 2009, Defendant knew that the Subject Vehicles contained the Braking System Defect, but failed to disclose the defect to Plaintiffs and Class Members.

Beginning as early as 2009, through consumer complaints and dealership repair orders, among other internal sources, Defendant knew or should have known that the Subject Vehicles and the braking system were defective and were a safety hazard. As a result of the Braking System Defect, VWGoA issued multiple Technical Service Bulletins ("TSBs") to dealers in the U.S., acknowledging defects in the braking system and attempting to address the

{26825/260/D1035112.DOCX;1}

1 issue. For example, VWGoA's TSB 46-11-08 from in or around May 2011 and re-issued in or

2 around December 2011 titled "Front Brake Squeal and/or Brake Disc Pulsation," covering the

3 2009 Routan, informed dealers that "Vehicle owners may hear squealing and/or feel

4 pulsations in the steering wheel and/or brake pedal" and offering the solution of "New

5 improved [front] brake pads."

6 However, on information and belief, consumers continued to experience problems with

7 their vehicles despite the "fix," including, but not limited to, shuddering and jerking, which

8 necessitated additional repairs or replacements of braking system parts. Additionally, on or

9 about December 2013, another TSB (46-14-04) covering the 2011 and 2012 Routan vehicles

10 was issued, and informed dealers that "Vehicle owners may feel brake pedal pulsation,

11 steering wheel shake and/or floor pan vibration." The remedy was to install "New improved

12 [front] brake pads and lower control arms introduced March 30th 2012." Titled "Front Brake

13 Judder And / Or Vibration," Volkswagen subsequently reissued this service bulletin in or

14 around April 2014.

15 Chrysler, which sold the "sister" vehicles, the Chrysler Town & Country and Dodge

16 Caravan, also issued multiple TSBs and warranty extension programs covering brake issues in

17 those vehicles. For example, on or about July 6, 2010, Chrysler extended the warranty on the

18 front brakes of 2008 Town & Country and Caravan vehicles from the Basic Limited Warranty

19 of 12 months or 12,000 miles to 36 months or 36,000 miles, whichever came first. The

20 problem was described as "[t]he front brakes on your vehicle may need pads and rotors

21 replaced earlier than expected." On information and belief, Volkswagen was aware of the

22 issues afflicting the "sister" minivans, and knew of the potential that these issues directly

23 affected the Class Vehicles due to their same or substantially similar braking components, but

24 failed to act on this information. Eventually, Chrysler issued bulletins extending the warranty

25 on certain brake components for 2008 through 2012 Town & Country and Caravan vehicles,

26 the latest of which was issued on or about February 22, 2013. VWGoA has never issued an

27 extended warranty on the braking system.

28 Plaintiffs and Class Members have spent hundreds, if not thousands, of dollars

{26825/260/D1035112.DOCX;1}

1  replacing the defective brakes with equally defective replacement parts, and have thus been

2  harmed and suffered damages.  Plaintiffs believe that the key disputed points of fact include

3  whether the Subject Vehicles suffer from the Braking System Defect, whether Defendant

4  knew about the Braking System Defect, and, if so, how long Defendant has known of the

5  defect.  Also at issue is whether the braking system poses a safety hazard and is costly to

6  repair for Class Members, and whether such defect, based on an objective consumer standard,

7  would be a material fact.

8  **b.      Defendant's Statement**

9  VWGoA denies that the braking system installed in the Subject Vehicles was defective

10  or unsafe, and denies that it had knowledge that the braking system was defective or unsafe.

11  VWGoA denies that the braking system installed in the Subject Vehicles makes it difficult for

12  the driver to control the vehicle's speed, maintain stability, and decelerate.  VWGoA has

13  issued Technical Service Bulletins for the Subject Vehicles.  Chrysler has issued Technical

14  Service Bulletins and extended warranties for the Chrysler Town & Country and Dodge Caravan

15  vehicles.

16  **3.    LEGAL ISSUES**

17  Pursuant to the Standing Order, the Parties provide a brief statement of the principal

18  disputed points of law.

19  **a.      Plaintiffs' Statement**

20  Plaintiffs believe that the key disputed points of law include whether Defendant had a

21  duty to disclose the alleged defect, and whether Defendant's omission of the Braking System

22  Defect was unlawful, unfair or likely to deceive the consuming public.  *See Khan v. Shiley*

23  *Inc.,* 217 Cal. App. 3d 848, 857 (1990); *Falk v. General Motors Corp*, 496 F. Supp. 2d 1088,

24  1095 (N.D. Cal. 2007).  Also at issue are whether Defendant's conduct constitutes a violation

25  of the Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq*., the Unfair

26  Competition Law, Business and Practices Code §§ 1795, *et seq*., and Fraud by Omission. Also

27  at issue is whether this case is suitable for class treatment pursuant to Federal Rules of Civil

28  Procedure 23(a), (b)(3), and/or b(2), and whether this action satisfies the numerosity,

{26825/260/D1035112.DOCX;1}

commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

**b.     Defendant's Statement**

VWGoA generally concurs with Plaintiffs' statement but disputes Plaintiff's statement of law applicable to an actionable omission and disputes that the cases cited by Plaintiff are controlling.

## 4.     MOTIONS

**a.     Plaintiffs' Statement**

Plaintiffs are planning on filing a Motion for Class Certification.  They may also file a Motion for Summary Judgment.  Plaintiffs reserve the right to file additional motions, including discovery motions, should additional motion practice be needed and/or required.

The Parties have agreed to confer on the timing of any summary judgment or *Daubert* motions, along with mutually-agreed upon briefing schedules.  Given the complexities of this case, Plaintiffs believe that no summary judgment or *Daubert* motions should be heard until substantial discovery has been conducted.

**b.     Defendant**

VWGoA will oppose any motion for class certification and anticipates filing a motion for summary judgment.  VWGoA believes that summary judgment motions may be brought and heard at any appropriate time.

## 5.     AMENDMENT OF PLEADINGS

**a.     Plaintiffs' Statement**

Plaintiffs do not anticipate any further amendments to their First Amended Complaint at this time.  However, Plaintiffs reserve the right to seek leave for further amendments should good cause arise.

**b.     Defendant's Statement**

VWGoA does not anticipate amending its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint at this time but reserves its right to do so after completing discovery.

## 6. EVIDENCE PRESERVATION

Counsel have had an initial meet and confer, pursuant to Fed. R. Civ. P. 26(f).

The Parties recognize that they have a duty to take reasonable steps to preserve materials relevant to the Parties' claims and defenses or that may otherwise lead to the discovery of admissible evidence in this Action. The Parties are aware of their preservation and discovery obligations under the Federal Rules of Civil Procedure as well as the Standing Order for all Judges of the Northern District dated November 1, 2014, and this Court's Guidelines for the Discovery of Electronically Stored Information ("Guidelines"). The Parties' efforts to identify and preserve relevant materials should also be reasonable, proportionate, and tailored to the issues, time frame, and allegations in this Action. *See generally*, Guidelines. Accordingly, the Parties have taken reasonable measures to preserve relevant documents, including ESI, that are maintained in locations and VWGoA has taken reasonable steps to preserve relevant documents, including ESI, in its systems where such relevant information is likely to be found in accordance with the Rules.

## 7. DISCLOSURES

The Parties exchanged their Fed. R. Civ. P. 26(a) Initial Disclosures on February 19, 2016. The Parties reserve the right to supplement their initial disclosures as needed pursuant to Fed. R. Civ. P. 26(e).

## 8. DISCOVERY

Parties' Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)

### a. Plaintiffs' Scope of Discovery

Plaintiffs propounded their first set of discovery in the form of Requests for Production of Documents on October 1, 2015, and they were deemed served on December 17, 2015. This discovery is related to several key areas of investigation, including but not limited to, the Putative Class Vehicles, their braking systems, and other associated parts, the alleged Braking System Defect, the design, implementation, warranty terms, complaints, service, service bulletins, sales data concerning the Putative Class Vehicles, alternative designs, failures, service or technical bulletins, analysis of associated costs, other lawsuits, recall notices,

service and repair records, complaints to and/or investigations by NHTSA, policies and procedures, the identity of putative Class Members, and the like.

In addition to the discovery set forth above, Plaintiffs anticipate the need for the following additional discovery:

- Deposition of Defendant's Corporate Representatives regarding, inter alia, consumer complaints, warranty data, goodwill repairs, training, design and internal testing, and other related issues regarding the Putative Class Vehicles, their braking systems, and the alleged Braking System Defect;
- Interrogatories and Requests for Production of Documents
- Depositions of Defendant's experts and related document requests; and
- Requests for Admissions and additional interrogatories and document requests.

**b.** **Defendant's Scope of Discovery**

VWGoA anticipates undertaking the following discovery:

- Interrogatories, requests for admissions, and requests for the production of documents to Plaintiffs.
- Requests to inspect Plaintiff's vehicles.
- Depositions of Plaintiffs.
- Depositions of experts including but not limited to technical and survey experts.
- Subpoenas to independent dealers of Volkswagen vehicles.

**c.** **Discovery and Schedule Prior to and Including Plaintiffs' Motion for Class Certification**

The Parties propose the following schedule related to discovery and motion practice:

- October 1, 2016—Plaintiffs serve expert reports.
- November 1, 2016—Defendants serve rebuttal expert reports.
- December 1, 2016—Complete fact and expertdiscovery and submit any expert reports.
- February 1, 2017—Deadline to file motion(s) for summary judgment.
    - The deadline for filing oppositions to summary judgment motions shall be

45 days after the motion is filed.

     o   The deadline for filing replies in support of motions for summary judgment shall be 45 days after the opposition brief is filed.

- July 3, 2017—Plaintiffs to file class certification motion and submit any expert reports relating solely to class certification issues.

     o   Depositions of expert witnesses offered in support of Plaintiffs' Motion for Class Certification shall be completed by August 1, 2017.

     o   The deadline for Defendant to file its opposition to Plaintiffs' Class Certification Motion (and disclose supporting expert reports) shall beAugust 15, 2017.

     o   Depositions of expert witnesses offered in support of Defendant's Opposition to Plaintiffs' Motion for Class Certification shall be completed by September 15, 2017.

     o   Plaintiffs' deadline to file a reply in support of their Class Certification Motion shall be October 2017.

### d.     Electronic Discovery (Rule 26(f)(3)(C))

The Parties agree to meet and confer to determine the appropriate method of searching ESI, including agreed upon search terms.  Further, the Parties agree that ESI may be produced in TIFF format or native format depending on the type of file.

The Parties agree to meet and confer to determine what relevant metadata, if any, will be produced with ESI, and to discuss relevant categories of ESI as needed and whether a specific ESI protocol is necessary.

### e.     Privilege Issues (Rule 26(f)(3)(D))

The Parties will meet and confer on a proposed stipulated protective order that, in addition to governing the dissemination and disclosure of confidential information.  Each party retains its right to object to requested discovery to the extent material protected by the attorney-client, work-product, or other applicable privilege is requested.

**9.** **Class Actions**

    **a.** **Plaintiffs' Statement**

Plaintiffs bring this lawsuit as a class action on behalf of themselves and all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and/or (b)(2). Plaintiffs propose certifying a nationwide class of all purchasers and lessees of any 2009 to 2012 Volkswagen Routan vehicles who reside in the United States. Plaintiffs also propose certifying a California subclass of the same who reside in the State of California. Excluded from the class and subclass are (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff, and all judges in the 9th Circuit; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein. Plaintiff reserves the right to amend the Class and Sub-Class definitions if discovery and further investigation reveal that the Class and Sub-Class should be expanded or otherwise modified. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions. The gravamen of Plaintiffs' action is that the Subject Vehicles suffer a common defect in their braking system equipped within the Subject Vehicles that causes the Subject Vehicles' brake pads and/or rotors to wear out prematurely and require repair or replacement far more frequently than in a properly functioning braking system. On information and belief, the Subject Vehicles' braking system is defective because it fails to adequately handle the braking duties required by vehicles the size of the Subject Vehicles, thereby leading to abnormal, premature wear. The defect is widespread, unreasonable and unsafe to purchasers of the Subject Vehicles. It potentially endangers not only the driver and passengers of the vehicle, but also other drivers on the road and pedestrians on the street.

Common proof can be used to demonstrate the existence of this common defect, that the Braking System Defect poses a safety hazard and is costly to repair for Class Members, that, beginning to 2009, Defendant knew that the Subject Vehicles contained the Braking System Defect, but failed to disclose the defect to Plaintiffs and Class Members, and that

1 | Defendant acknowledged the Braking System Defect in Technical Service Bulletins.

2 | Plaintiffs are typical and adequate members of the proposed class and subclass in that they,

3 | like Class Members, are purchasers or lessees of the Subject Vehicles who have spent

4 | hundreds, if not thousands, of dollars replacing the defective braking systems with equally

5 | defective replacement parts, and have thus been harmed and suffered damages.

6 | **b.** **Defendant's Statement**

7 | VWGoA denies that Plaintiffs' proposed class meets the requirements set forth in Fed.

8 | R. Civ. P. 23, and VWGoA denies that this action is sustainable as a class action, including

9 | but not limited to a nationwide class action. VWGoA denies that the braking system installed

10 | in the Subject Vehicles was defective or unsafe, and denies that it had knowledge that the

11 | braking system was defective or unsafe. VWGoA denies that the braking system installed in

12 | the Subject Vehicles makes it difficult for the driver to control the vehicle's speed, maintain

13 | stability, and decelerate.

14 | **10.** **RELATED CASES**

15 | The Parties are aware of no related cases pending.

16 | **11.** **RELIEF**

17 | **a.** **Plaintiffs' Statement**

18 | Plaintiffs, on behalf of themselves and all others similarly situated, request the Court to

19 | enter judgment against Defendant, and accordingly request the following:

20 | i. An order certifying the proposed Class and Sub-Classes, designating

21 | Plaintiffs as named representatives of the Class, and designating the

22 | undersigned as Class Counsel;

23 | ii. A declaration that Defendant are financially responsible for notifying all

24 | Class Members about the defective nature of the braking system,

25 | including the need for periodic maintenance;

26 | iii. An order enjoining Defendant from further deceptive distribution, sales,

27 | and lease practices with respect to Class Vehicles, and to remove and

28 | replace Plaintiffs and Class Members' braking system with a suitable

{26825/260/D1035112.DOCX;1}

1                         alternative product;

2            iv.     An award to Plaintiffs and the Class for compensatory, exemplary, and

3                     statutory damages, including interest, in an amount to be proven at trial;

4            v.      A declaration that Defendant must disgorge, for the benefit of the Class,

5                     all or part of the ill-gotten profits they received from the sale or lease of

6                     its Class Vehicles, or make full restitution to Plaintiffs and Class

7                     Members;

8            vi.     An award of attorneys' fees and costs, as allowed by law;

9            vii.    An award of attorneys' fees and costs pursuant to California Code of

10                    Civil Procedure § 1021.5;

11           viii.   An award of pre-judgment and post-judgment interest, as provided by

12                    law;

13            ix.     Leave to amend the Complaint to conform to the evidence produced at

14                     trial; and

15            x.      Such other relief as may be appropriate under the circumstances.

16      **b.**    **Defendant's Statement**

17         VWGoA believes that Plaintiffs are entitled to no relief, and VWGoA does not believe

18 that Plaintiffs can prove any damages even if liability is established.

19 **12.**    **SETTLEMENT AND ADR**

20         As stated in the opening statement, the Parties have agreed to private mediation and

21 anticipate a date in May of 2016 to conduct mediation.

22 **13.**    **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

23         The parties do not consent to having a Magistrate Judge preside over proceedings other

24 than discovery.

25 **14.**    **OTHER REFERENCES**

26         The Parties do not anticipate that this case is suitable for reference to binding

27 arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

28

{26825/260/D1035112.DOCX;1}

**15.  NARROWING OF ISSUES**

At this time, the Parties do not believe that the scope of the issues in this action can be significantly reduced.  However, Plaintiffs believes that the scope of document production can be narrowed and more targeted, and Plaintiffs will confer with Defendant to identify items to be produced in order of priority.

**16.  EXPEDITED TRIAL PROCEDURE**

The Parties agree that this action should not be handled on an expedited basis.

**17.  SCHEDULING**

The Parties respectfully submit that a schedule related to additional pre-trial deadlines and trial should be submitted within thirty (30) days of a ruling on Plaintiffs' Motion for Class Certification.  See proposed dates set forth in Section 8(C), incorporated herein.

**18.  TRIAL**

Plaintiffs have demanded a jury trial pursuant to Fed. R. Civ. P. 38(b).  It is too early to estimate the length of trial, or set trial-related deadlines, such as a trial date, final pre-trial conferences, and merits/expert discovery cut-off dates, until the issue of class certification has been decided.  The Parties therefore propose that all trial-related deadlines be determined following the Court's ruling on the motion for class certification.

**19.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

      **a.  Plaintiffs' Statement**

Plaintiffs served a Certificate of Interested Parties on December 17, 2015.

      **b.  Defendant's Statement**

Defendant served a Certificate of Interested Entities or Persons on February 26, 2015.

20.  **PROFESSIONAL CONDUCT**

Counsel for the parties are familiar with the Guidelines for Professional Conduct for the Northern District of California.

**21.  OTHER**

      **a.  Plaintiffs' Statement**

None at this time.

{26825/260/D1035112.DOCX;1}

**b.** **Defendant's Statement**

None at this time.

Dated: March 1, 2016                    Respectfully submitted,

                                        Capstone Law APC


                               By:  /s/ Tarek H. Zohdy
                                    Jordan L. Lurie
                                    Robert Friedl
                                    Tarek H. Zohdy
                                    Cody R. Padgett

                                    Attorneys for Plaintiffs
                                    Ernesto Valencia, Adelina Duncan,
                                    Lorenzo Savage, Michele Savage, Margarito de
                                    la Rosa, and Lenelyn de la Rosa
                                    KERR, RUSSELL AND WEBER, PLC

                                    /s/ Daniel J. Ferris
                                    Fred K. Herrmann
                                    Daniel J. Ferris
                                    500 Woodward Avenue, Suite 2500
                                    Detroit, MI 48226
                                    Telephone:   (313) 961-0200
                                    Facsimile:    313) 961-0388
                                    fherrmann@kerr-russell.com
                                    dferris@kerr-russell.com
                                    Appearance *pro hac vice*

JOINT CASE MANAGEMENT STATEMENT

CASE NO. 3:15-cv-00887-HSG

{26825/260/D1035112.DOCX;1}

1

**Certification of Compliance with N.D. Cal. L.R. 5.1(i)(3)**

I hereby certify that pursuant to N.D. Cal. L.R. 5.1(i)(3), I have obtained the authorization from the above signatories to file the above-referenced document, and that the above signatories concur in the filing's content.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 1, 2016.


By: /s/ Tarek H. Zohdy
      Tarek H. Zohdy
      Capstone Law APC
      1840 Century Park East, Suite 450
      Los Angeles, California 90067
      Telephone:  (310) 556-4811
      Facsimile:  (310) 943-0396